UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

RICHARD C. RASHID, M.D., d/b/a Eye
Physicians and Surgeons
Corporation; MEDICAL LEASING AND
SUPPLY COMPANY,

> *Plaintiffs-Appellants,*

v.

UNITED STATES OF AMERICA; UNITED
STATES DEPARTMENT OF JUSTICE; U.S.
ATTORNEY'S OFFICE, for the Southern
District of West Virginia; U.S.
DEPARTMENT OF HEALTH & HUMAN
SERVICES; RAILROAD RETIREMENT
BOARD; WEST VIRGINIA
DEPARTMENT OF HEALTH AND HUMAN
RESOURCES,

> *Defendants-Appellees.*

No. 01-2504

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CA-01-181-2)

Argued: September 25, 2002

Decided: October 23, 2002

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Jeffrey Vernon Mehalic, LAW OFFICES OF JEFFREY V. MEHALIC, Charleston, West Virginia, for Appellants. Michael Lee Keller, Assistant United States Attorney, Charleston, West Virginia; Charles R. Bailey, BAILEY & WYANT, P.L.L.C., Charleston, West Virginia, for Appellees. **ON BRIEF:** Kasey Warner, United States Attorney, Stephen M. Horn, Assistant United States Attorney, Charleston, West Virginia; John T. Molleur, BAILEY & WYANT, P.L.L.C., Charleston, West Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Richard C. Rashid, an eye surgeon, and his wholly-owned incorporated business commenced this action under the Administrative Procedure Act ("APA") against agencies of the United States and the State of West Virginia, seeking, among other things, a declaratory judgment that a settlement agreement, to which he was a party, was null and void *ab initio*. Under the agreement at issue, the defendants agreed to forego potential criminal and civil actions against Rashid for alleged healthcare fraud in exchange for Rashid's payment of $1.25 million and voluntary exclusion from specified federal healthcare programs. Rashid's asserted basis for requesting relief is that he has suffered — and continues to suffer — injury by the initial failure of the West Virginia agency to sign the agreement, despite the fact that the agency subsequently ratified the agreement once the failure to sign came to light. In addition to seeking what is essentially a rescission of the agreement, Rashid seeks reinstatement in the federal healthcare programs from which he was excluded under the agreement, the return of $1.25 million, damages, and attorneys' fees.

On defendants' motion to dismiss Rashid's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the district court, upon consideration of presented materials that went beyond the pleadings, converted the 12(b)(6) aspect of the motion into a motion for summary judgment and granted it. When Rashid moved to vacate the order granting summary judgment on the ground that he was not given proper notice of the court's conversion of the 12(b)(6) motion into a motion for summary judgment, the district court vacated the order and dismissed the case under Federal Rule of Civil Procedure 12(b)(1) on the ground that Rashid had presented no threat of immediate harm and, therefore, as to any prospective claim, there existed no case or controversy. The court further explained that, to the extent that Rashid sought retrospective relief, such relief was not available in the district court under the APA. The court also cast serious doubt on whether Rashid had sustained any injury entitling him even to retrospective relief.

On appeal from the district court's order dismissing the case, Rashid continues to challenge the district court's earlier vacated summary judgment order. However, because that order was vacated upon Rashid's own motion and was not the basis for the district court's dismissal of the case, we conclude that Rashid may not now challenge an order successfully vacated on his initiative.

On the merits of the district court's dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, Rashid has failed to demonstrate any error in the district court's analysis. We have considered carefully the record and all of Rashid's arguments, finding them unpersuasive. For the reasons given by the district court in its order and judgment, *see Rashid v. United States*, Civil Action No. 2:01-0181 (S.D.W.V. Nov. 2, 2001), we affirm.

*AFFIRMED*